1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID EDWARDS,

11              Plaintiff,                    No. CIV S-11-1725 EFB P

12        vs.

13   CLAREY,

14              Defendant.              <u>ORDER</u>

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

18   forma pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

19   U.S.C. § 636(b)(1).

20   **I.      Request to Proceed In Forma Pauperis**

21        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 5.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

**II.     Screening Order**

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

The court has reviewed plaintiff's June 27, 2011 complaint pursuant to 28 U.S.C. § 1915A and finds that it must be dismissed because it fails to state a claim. The complaint alleges defendant Carey, a correctional officer, "conducted an illegal strip search of plaintiff," and "acted without probable cause, with malice . . . ." Dckt. No. 1, §§ IV, V. While the complaint alleges defendant Carey conducted the allegedly unconstitutional search, the bare

2

1  allegations fail to suggest that the circumstances surrounding the alleged search were

2  unreasonable or otherwise violated plaintiff's constitutional rights.  Searches of prisoners must

3  be reasonable to be constitutional.  *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010).

4   "The test of reasonableness under the Fourth Amendment is not capable of precise definition or

5  mechanical application.  In each case it requires a balancing of the need for the particular search

6  against the invasion of personal rights that the search entails.  Courts must consider the *scope* of

7  the particular intrusion, the *manner* in which it is conducted, the *justification* for initiating it, and

8  the *place* in which it is conducted."  *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 559 (1979)

9  (emphasis added)).  A visual strip search serves a legitimate penological purpose where the

10  inmate was "presented with the opportunity to obtain contraband or a weapon while outside of

11  his cell."  *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988).  Plaintiff's scant

12  allegations with respect to the strip search are insufficient to state a plausible claim for relief.

13  *See Iqbal*, 129 S.Ct. at 1949.  Accordingly, the complaint must be dismissed but plaintiff will be

14  given leave to amend.

15        Any amended complaint must adhere to the following requirements:

16        Any amended complaint shall identify each defendant in both the caption and the body of

17  the amended complaint, and clearly set forth the allegations against each such defendant.

18  Pursuant to Rule 8 of the Federal Rules of Civil Procedure, any amended complaint must include

19  "a short and plain statement of the claim" showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2).

20        Any amended complaint must be complete in itself without reference to any prior

21  pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

22  plaintiff files an amended complaint, the original pleading is superseded.

23        It must show that the federal court has jurisdiction and that plaintiff's action is brought in

24  the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must

25  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

26  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

*Johnson*, 588 F.2d at 743-44 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff  may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  January 3, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE