IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EDWARDS,

        Plaintiff,                  No. 2:11-cv-1725 EFB P

   vs.

CLAREY,

        Defendant.         ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff filed an amended complaint. The amended complaint is dated January 24, 2012 and states "See Attached Statement of Claim," but fails to attach any statement of his claim. Dckt. No. 11. Thereafter, plaintiff filed a document entitled "Verified Statement of Claim," which is dated January 30, 2012. Dckt. No. 12. Because the amended complaint includes no factual allegations to support a cognizable claim for relief, and is not complete in itself without reference to another pleading, it is dismissed with leave to amend.

      It appears from plaintiff's multiple filings that he wishes to amend or add to his complaint in a piecemeal fashion through separate filings. Although the court granted plaintiff leave to amend in its initial screening order, the court informed plaintiff that any amended

1

complaint must be complete in itself without reference to any prior pleading. Dckt. No. 8 at 3. Despite this instruction, plaintiff failed to write or type an amended complaint that is complete in itself without reference to any earlier filed complaint. *See* L.R. 220.

Plaintiff may not amend his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Because the first amended complaint consists essentially of exhibits alone, and does not include the referenced "Statement of Claim," it fails to allege facts sufficient to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Any amended complaint must correct the deficiencies identified herein, as well as those identified in the court's January 4, 2012 screening order.

////

////

////

1  Accordingly, IT IS HEREBY ORDERED that the first amended complaint is dismissed
2 with leave to amend within 30 days.  The amended complaint must bear the docket number
3 assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this
4 order will result in a recommendation that this action be dismissed. If plaintiff files an amended
5 complaint stating a cognizable claim the court will proceed with service of process by the United
6 States Marshal.

7 Dated:  August 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE